# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

VICKIE (NICHOLS) FETT,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

No. C 14-3034-MWB

ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)

_____

      This case is before me on plaintiff Vickie Fett's January 13, 2016, Application For Attorneys Fees Under The Equal Access To Justice Act (docket no. 20). Fett's Application follows my October 15, 2015, Order (docket no. 18), in which I reversed the Commissioner's decision determining that Fett was not disabled, and remanded Fett's claim to the Commissioner for further proceedings. On October 15, 2015, the Clerk of Court entered Judgment (docket no. 19) accordingly.

      In her present Application, Fett seeks an award of $4,696.17 in attorney's fees pursuant to the Equal Access To Justice Act (EAJA), 28 U.S.C. § 2412, and requests that, after any offset, the fees be delivered to her attorney. She also requests $400 from the Judgment Fund for reimbursement of the filing fee. On February 11, 2016, the Commissioner filed a Response (docket no. 21), stating that the Commissioner has no objection to Fett's request for attorney's fees under the EAJA in the amount of $4,696.17. The Commissioner requests, however, that the order specifically award attorney's fees to be paid by the Social Security Administration and costs of $400 from the Judgment Fund. The Commissioner also requests that, in accordance with *Astrue v. Ratliff*, 560

U.S. 586 (2010), the fees be made payable to Fett, as the litigant, subject to offset to satisfy any pre-existing debt that Fett owes to the United States.

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Here, the Commissioner disputes neither Fett's entitlement to attorney's fees under the EAJA, nor the hourly rates requested by Fett ($188.51 per hour for 3 hours, $190.29 per hour for 2 hours, and $125.00 per hour for 30 hours), nor the total of $4,696.17 for attorney's fees. I also find that an award of attorney's fees, pursuant to the EAJA, in the amount of $4,696.17 is just and appropriate. Thus, the only question is whether the award should be paid to Fett or her attorney. In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, awards of statutory attorney's fees must be *payable* to the prevailing Social Security plaintiff, not to her attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). However, if it is consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be *mailed* to Fett's attorney, Thomas A. Krause. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and

mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

THEREFORE, Vickie Fett's January 13, 2016, Application For Attorneys Fees Under The Equal Access To Justice Act (docket no. 20) is **granted**, as follows:

1. Fett is awarded $4,696.17 in attorney's fees pursuant to the EAJA, *see* 28 U.S.C. § 2412;

2. The fee award shall be paid by the Social Security Administration, *see* 28 U.S.C. § 2412(d)(4);

3. The fee award shall be made *payable* to plaintiff Fett, but, if it is consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be *mailed* to Fett's attorney, Thomas A. Krause;

4. Fett is also awarded $400 in costs to be paid from the Judgment Fund as reimbursement of the filing fee.

**IT IS SO ORDERED**.

**DATED** this 14th day of March, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA